IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| C.I.G.H., ) | |
|     Petitioner, ) | |
| ) | Civil Action No. 3:20-cv-00796 |
| v. ) | Judge Campbell / Frensley |
| ) | |
| HEIDI STIRRUP, Acting Director, ) | |
| Office of Refugee Resettlement, *et al.*, ) | |
|     Respondents. ) | |

## ORDER

This matter is before the court upon Guardian *Ad Litem's* Motion for Substitution pursuant to Federal Rules of Civil Procedure 17(a). Docket No. 26. Petitioner has filed a Response in Opposition to the Motion. Docket No. 34. Government Respondents and Respondent Amy Scott have filed separate Responses in support of the Motion. Docket No. 30, 31. The Guardian *Ad Litem* ("GAL") and Government Respondents have separately filed replies to Petitioner's Response. Docket No. 35, 36.

The Petitioner, C.I.G.H., submitted through counsel a Petition for a Writ of Habeas Corpus requesting the Court order his release from the Bethany Christian Services ("BCS") of Middle Tennessee to his adoptive mother. Docket No. 1. Petitioner was a twenty-two-month-old child at the time the Petition was filed. On October 16, 2020, the Respondents submitted an unopposed Motion to Appoint a Guardian *Ad Litem*, pursuant to Rule 17(c). Docket No. 5. Then, on December 2, 2020, the Court appointed a GAL for the minor Petitioner. Docket No. 12. Under the Order, the GAL was to have all of the powers conferred under Tenn. Code Ann. § 34-1-107(d) and under *Noe v. True*, 507 F.2d 9 (6th Cir. 1974).

The GAL argues that the Motion for Substitution should be granted because: (a) as a minor,

C.I.G.H. lacks capacity to sue in his own name; (b) the GAL is the appropriate Plaintiff in this case under the powers given by the Court's Order; and (c) substitution is appropriate under Fed. R. Civ. P. 17.01. Docket No. 26.

Petitioner responds that the proper role of the GAL is to complete an investigation and submit an impartial Report and Recommendation regarding the best interests of the Petitioner. Docket No. 34, p. 3. The Petitioner also argues that his counsel has relied upon the advice of the federally-appointed Child Advocate in order to make decisions that were in the best interests of the Petitioner, and to grant the Motion of Substitution would be to uproot Petitioner's attorney's role and deprive C.I.G.H. of his right to his own attorney. Docket No. 34, p. 3.

The GAL replies to reiterate that: (a) C.I.G.H. does not have the capacity to sue in his own name; and (b) the Petitioner did not oppose the GAL's appointment. Docket No. 36, pp. 1-2. GAL also notes that: (c) the Child Advocate for Immigration Court is not the same as a GAL for Federal Court Proceedings. *Id.*

For the reasons stated below, the Guardian *Ad Litem's* Motion for Substitution be **GRANTED**.

I. BACKGROUND

C.I.G.H.'s case has an interesting and complex history. C.I.G.H. was an approximately six-month old citizen of Honduras when he was detained by the Department of Homeland Security ("DHS") on May 7, 2019, while attempting to cross the U.S.-Mexico border with Amilcar Guiza Reyes (Mr. Guiza). Docket No. 1, p. 2. Mr. Guiza had a birth certificate that listed himself as C.I.G.H.'s father, but upon questioning, Mr. Guiza admitted that he was not the biological father, but rather the legal adoptive father. *Id.* at 5. Upon learning that Mr. Guiza was not the biological father, DHS placed C.I.G.H. into Office of Refugee Resettlement ("ORR") custody, which sent

him to BCS, where he was placed in a foster home. *Id.* Mr. Guiza was prosecuted, but not convicted, of Alien Smuggling, and pled guilty to making a materially false, fictitious, or fraudulent statement or misrepresentation pursuant to 18 U.S.C. § 1001(a)(2). *Id.*

According to the Complaint, C.I.G.H. was adopted by Mr. Guiza and his wife, Clemencia Hernandez Velasquez (Ms. Hernandez), when he was hours old through an informal adoption process in Honduras. *Id.* Mr. Guiza and Ms. Hernandez registered him a week after he was born. *Id.* In May 2019, Jena Guiterrez was appointed to be the Child Advocate for C.I.G.H., and Mid-South Immigration Advocates ("MIA") began representing C.I.G.H. in September of the same year. *Id.* at 6.

The Young Center established a Best Interests Determination (BID) Panel in order to determine what would be in C.I.G.H.'s best interests. The BID issued a best interests recommendation in which they stated it would be in C.I.G.H.'s best interest if he were released to Ms. Hernandez. *Id.* The recommendation emphasized the necessity of reuniting C.I.G.H. with Ms. Hernandez as soon as possible, and recommended that Ms. Hernandez be categorized as a Category 1 Sponsor. *Id.*

BCS conducted a phone call with Ms. Hernandez, but ultimately categorized C.I.G.H. as a Category 4 unaccompanied child with no viable sponsors within the United States. *Id.* at 7. The MIA began to work with Ms. Hernandez to put together her family reunification packet (FRP). *Id.* After submitting her FRP and participating in a home study with a federal field specialist (FSS), Ms. Hernandez was notified on August 27, 2020, that her request to sponsor C.I.G.H. was denied. *Id.* 7-9.

The reasons provided for denying the request were that Mr. Guiza had admitted to paying for C.I.G.H., Mr. Guiza was convicted of providing fraudulent material regarding the paternity of

C.I.G.H., and Mr. Guiza and Ms. Hernandez are not the biological parents of C.I.G.H. *Id.* at 9.

Upon the denial of Ms. Hernandez's request to sponsor C.I.G.H., on September 16, 2020, the Petition for a Writ of Habeas Corpus was filed under C.I.G.H.'s name, requesting his release from BCS to Ms. Hernandez. *Id.* at 1. The Petitioner claimed that C.I.G.H.'s continued detention by BCS while a "viable sponsor" (Ms. Hernandez) was available, was in violation of the Procedural Due Process Clause of the Fifth Amendment to the Constitution, in violation of the William Wilberforce Trafficking Victims Protection Reauthorization Act ("TVPRA"), in violation of the *Flores* Settlement Agreement, and in violation of the Administrative Procedures Act (as an arbitrary and capricious agency action). *Id.* at 15-22.

On October 16, 2020, Respondents submitted a Motion for Appointment of a Guardian *Ad Litem*, which was unopposed by the Petitioner, and thus the Court issued an Order appointing a GAL pursuant to Rule 17. Docket No. 5; 12. Within the Order, the GAL was appointed with "all the powers of a guardian ad litem appointed under Tenn. Code Ann. § 34-1-107(d) and as directed in *True v. Noe*, 507 F. 2d 9 (6th Cir. 1974)." Docket No. 12.

After the appointment of the GAL, C.I.G.H. continued to be the named Petitioner. Additionally, a Motion to Amend was filed by the Petitioner against the direction of the GAL on April 2, 2020. Docket No. 26, p. 2. Following these events, the GAL filed the pending Motion for Substitution under Fed. R. Civ. P. 17(a). *Id.*

## II. LAW & ANALYSIS

### A. Powers Conferred Upon the GAL

The Motion for Substitution was filed under Fed. R. Civ. P. 17(a), which states:

(a)     Real Party in Interest

    (1)     *Designation in General.* An action must be prosecuted in the name of the real party in interest. The following may sue in their own

4

Case 3:20-cv-00796   Document 41   Filed 08/23/21   Page 4 of 13 PageID #: 305

names without joining the person for whose benefit the action is brought:

    (A)    An executor;
    (B)    An administrator;
    (C)    A guardian
    (D)    A bailee;
    (E)    A trustee of an express trust
    (F)    A party with whom or in whose name a contract has been made for another's benefit; and
    (G)    A party authorized by statute

…

(3)    *Joinder of the Real Party in Interest*. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)

The GAL was appointed under Fed. R. Civ. P. 17(c), which states:

(c) Minor or Incompetent Person:

(1)    *With a Representative*. The following representatives may sure or defend on behalf of a minor or an incompetent person:

(A) a general guardian;
(B) a committee;
(C) a conservator; or
(D) a like fiduciary.

(2)    *Without a Representative*. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

The powers conferred upon the GAL by the Order were those conferred by Tenn. Code Ann. § 34-1-107(d), which states:

(1)    The guardian ad litem owes a duty to the court to impartially investigate the

facts and make a report and recommendations to the court. The guardian ad litem serves as an agent of the court and is not an advocate for the respondent or any other party.

Tenn. Code. Ann. § 34-1-107(d)(1)

Additionally, the Order also conferred upon the GAL the powers given by *Noe v. True*, which states, in pertinent part:

> While it would not be at all improper for the court, upon consideration, to appoint the child's attorney as her guardian ad litem, the mere presence of an attorney representing her in the action is insufficient of itself to protect her personal interests in the action … we note that an appointed guardian ad litem does not replace a general guardian for all purposes, but is, "appointed as a representative of the court to act for the minor in the cause, with authority to engage counsel, file suit, and to prosecute, control, and direct the litigation."

507 F. 2d at 12.

### B. C.I.G.H.'s Capacity to Sue

Tenn. R. Civ. P. 17.03 states that:

> Whenever an infant or incompetent person has a representative, such as a general guardian, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative, or as justice requires, he or she may sue by next friend. The court shall at any time after the filing of the complaint appoint a guardian ad litem to defend an action for an infant or incompetent person who does not have a duly appointed representative, or whenever justice requires. The court may in its discretion allow the guardian ad litem a reasonable fee for services, to be taxes as costs.

Thus, under Tennessee law, minors are unable to sue, and must sue through a representative, or guardian *ad litem*.

### C. The Case at Bar

The GAL points out that C.I.G.H. is a minor who lacks the capacity to sue on his own. Docket No. 26, p. 2. Thus, the GAL argues, the Motion for Substitution must be granted,

otherwise the suit would have to be dismissed.

GAL asserts that she is the appropriate Plaintiff under Federal Rule of Civil Procedure 17(c) and *Noe v. True*[1]. *Id.* at 3. The GAL argues that the attorneys for the Petitioner "have taken the position that ***they alone*** control the litigation and that the GAL has no ability to direct their representation or terminate it." *Id.* at 4. However, Rule 17(c)(2) gives a minor without a representative the power to sue through a GAL, and *Noe v. True* states that the GAL has the authority to "engage counsel, file suit, and to prosecute, control and direct litigation." *Id.* at 3-4; Fed. R. Civ. P. 17(c)(2); 507 F.2d at 12. Thus, the GAL argues, the attorneys for the Petitioner cannot undertake the role of both counsel and client, and it is her role as the GAL to act as the Plaintiff in the case at bar. Docket No. 26, p. 4.

Finally, the GAL argues that substitution is appropriate under Fed. R. Civ. P. 17(a). *Id.* at 5. The GAL states, "when an action is brought in a representative capacity, but it is filed in the name of the wrong party, Rule 17 permits the appropriate party to substitute as the Plaintiff in the action." *Id.* The GAL believes in order to best serve the interests of the child, it is important that the litigation continue, and that she be substituted as the named plaintiff so that she may properly exercise the power conferred upon her as GAL by Court Order. *Id.* at 6.

The Petitioner responds in pointing out that the GAL was appointed with power under Tenn. Code Ann. § 34-1-107(d), which states that a GAL "owes a duty to the court to impartially investigate the facts and make a report and recommendation to the court," and that the GAL "serves as an agent of the court, and is not an advocate for the respondent or any other party." Docket No. 34 pp. 1-2; Tenn. Code Ann. § 34-1-107(d)(1). The Petitioner acknowledges that under *Noe v. True* a GAL has "authority to engage counsel, file suit, and to prosecute, control, and direct

---

[1] Which was incorporated into the powers conferred to the GAL under the Order

litigation," but urges that *Noe v. True* is distinguishable from the case at bar. Docket No. 34, p. 2; 507 F.2d at 12.

The Petitioner argues that in *Noe v. True*, the plaintiff "did not have anyone duly appointed to protect her interests; [but] C.I.G.H. does." Docket No. 34, p. 2. The Petitioner references the Child Advocate from the Young Center that was appointed pursuant to the Trafficking Victims Protection Reauthorization Act (TVPRA), and argues that the Child Advocate is a sufficient representative for the toddler, and has been advocating for C.I.G.H.'s best interests since C.I.G.H. entered the United States. *Id.*

Further, Petitioner states,

> If the GAL is substituted as the plaintiff in this case, C.I.G.H.'s attorney will be displaced by the GAL and will be prevented from proceeding in any meaningful way to ensure that his right to family unity and freedom from federal detention are not abrogated, pursuant to the federally appointed Child Advocate's recommendations. Undersigned counsel concedes that she is not in the position to determine what is in C.I.G.H.'s best interests and has thus relied on the findings and recommendations of his federally appointed Child Advocate throughout these proceedings.

*Id.* at 3.

Thus, the Petitioner concludes that the GAL should, "continue in her current capacity and complete her investigation as to provide this Court with an impartial report and recommendation regarding the best interests of this toddler Petitioner." *Id.*

In her reply, GAL points out that the Petitioner does not dispute that C.I.G.H. is not a proper party under Rule 17 and that C.I.G.H. therefore does not have the capacity to sue in his own name. Docket No. 36, p. 1. Further, the GAL argues, Petitioner did not oppose the Government's Motion for the Appointment of the GAL, and a problem developed "only after the GAL disagreed with counsel for C.I.G.H." *Id.* at 2.

The GAL then states that although C.I.G.H.'s attorney may have "relied on the findings

and recommendations" of the Child Advocate, the Child Advocate is not a sufficient substitute for the GAL, given that a Child Advocate's role is more limited than the role of the GAL. *Id.* The Child Advocate does not have the power to make decisions on behalf of the child, and only serves to make a recommendation regarding the best interests of the child. *Id.* Additionally, the GAL questions whether the Petitioner's counsel has actually been following the recommendations by the Child Advocate, since the Child Advocate did not recommend Fredis Amilcar Guiza Hernandez[2] as a suitable placement for C.I.G.H. *Id.* at 3.

Finally, the GAL disputes that the substitution would "deprive C.I.G.H. of his right to his own attorney." *Id.*; Docket No. 34, p. 3. Instead, the GAL states, substitution is necessary in order to save the suit from dismissal for lack of an appropriate Petitioner party. Docket No. 36, p. 3.

### 1. Powers Conferred by Court Order Upon the GAL

The GAL was appointed pursuant to Fed. R. Civ. P. 17(c), which, as discussed above, grants a minor who is without a representative the power to sue through a next friend or GAL. Fed. R. Civ. P. 17(c)(2). Thus, under Rule 17, the Rule by which the GAL was appointed, the GAL has the power to act as a representative for C.I.G.H., given that C.I.G.H. is a minor and does not have another representative. *Id.*

By Court Order, the "Guardian Ad Litem shall have all the powers of a guardian ad litem appointed under Tenn. Code Ann. § 34-1-107(d) and as directed in *True v. Noe*, 507 F. 2d 9." Docket No. 12, p. 1. As discussed above, and pointed out by the Petitioner, Tenn. Code Ann. § 34-1-107(d) directs that the GAL "serves as an agent of the court, and is not an advocate for the respondent or any other party." Tenn. Code Ann. § 34-1-107(d)(1). To substitute the GAL as the Petitioner, however, would not violate the statute, since the GAL would not be acting as an

---

[2] The Motion to Amend asks that C.I.G.H. be released to Fredis Amilcar Guiza Hernandez, the adoptive brother of C.I.G.H., given that the adoptive mother has returned to Honduras.

advocate for the Petitioner. The GAL would instead be acting as a representative of C.I.G.H.[3], who has no other adequate guardian to act as a representative for him in this case.

*Noe v. True* confers upon GAL the power to "engage counsel, file suit, and to prosecute, control, and direct the litigation." 507 F. 2d at 12. Thus, under the powers granted by Court Order, the GAL does have the power to direct and control the litigation, including being substituted as the named Petitioner, and the power to determine what amendments should be made to the Petition.[4]

Thus, Fed. R. Civ. P. 17(c) and the powers conferred upon the GAL by Court Order support the GAL's Motion for Substitution.

### 2. The Minor Does Not Have the Power to Sue

As stated by the GAL and reiterated by the Government Respondents, C.I.G.H. is a minor and lacks the capacity to sue. Tenn. R. Civ. P. 17.03; *see also Vandergiff v. ParkRidge E. Hosp.*, 482 S. W. 3d 545, 552 (Tenn. Ct. App. 2015); *Bushby v. Massey*, 686 S.W.2d 60, 62 (Tenn. 1984). Fed. R. Civ. P. 17(a) allows, in a circumstance where the named party is not a real party in interest, for a real party to be substituted into the action. Fed. R. Civ. P. 17(a)(3). As directed by Fed. R. Civ. P. 17(c), the GAL may be substituted in this instance. Fed. R. Civ. P. 17(c)(2). Thus, a substitution of a party with the capacity to sue and act as C.I.G.H.'s representative is necessary in order to prevent the dismissal of this case.[5] In this instance, the party that has the capacity to sue and is the proper representative of C.I.G.H.'s interests is the GAL.

Within their Memorandum in Support of Motion to Appoint Guardian *Ad Litem*, the Respondents made it clear that, as a minor, C.I.G.H. lacks the capacity to sue in his own name,

---

[3] As directed by Fed. R. Civ. P. 17(c)(2).
[4] It appears the Petitioner's counsel and the GAL disagree on the issue of the Motion to Amend (Docket No. 21), and that the Petitioner's counsel did not agree with GAL's position on the amendment.
[5] The Petitioner did not dispute this point in his Response.

and that they intended that the GAL "act for the minor," as a "duly appointed representative." Docket No. 6, pp. 3-6. Despite the clear intent of the Respondents that the GAL act as a representative for C.I.G.H., the Petitioner did not oppose the GAL's Appointment. Petitioner's current opposition to the substitution of the GAL is misplaced.

### 3. The Child Advocate is Not a Sufficient Representative

The Petitioner argues that the federally-appointed Child Advocate is a sufficient representative of C.I.G.H.'s best interests, and that the GAL's substitution is unnecessary, because the Petitioner's counsel listens to the recommendations given by the Child Advocate in making decisions for the best interest of the child.

The Child Advocate was appointed under 8 U.S.C.S. § 1232(c)(6), which provides:

> The Secretary of Health and Human Services is authorized to appoint independent child advocates for child trafficking victims and other vulnerable unaccompanied alien children. A child advocate shall be provided access to materials necessary to effectively advocate for the best interest of the child. The child advocate shall not be compelled to testify or provide evidence in any proceeding concerning any information or opinion received from the child in the course of serving as a child advocate. The child advocate shall be presumed to be acting in good faith and be immune from civil liability for lawful conduct of duties as described in this provision.

8 U.S.C.S. 8 § 1232(c)(6)(A).

The statute does not expressly authorize a child advocate to represent the minor in proceedings or control the litigation on behalf the child. Instead, the child advocate's role is to provide recommendations that advocate for the best interest of the child. Thus, the role for the Child Advocate to play is limited in these proceedings, and does not fill the role intended to be played by the GAL.

The Child Advocate is merely able to make recommendations, and the Petitioner's counsel

is not required to listen to those recommendations made. As noted by the GAL in her Reply, there is no concurrent recommendation from the Child Advocate supporting the Petitioner's Motion for Amendment that Fredis Hernandez is a suitable placement for C.I.G.H. Although the Petitioner's counsel claims that they have adhered to all recommendations made by the Child Advocate, this highlights the problem that would stem from deeming the Child Advocate a suitable substitution for the GAL: there would be no party controlling the litigation as a representative of C.I.G.H. Instead, the litigation would be left in the control of the Petitioner's counsel, who would play the role of both client and attorney.

Thus, Child Advocate is insufficient in this case where the minor child needs a representative to act and control litigation on his behalf.

**4.     The GAL's Substitution Does Not Subvert Petitioner's Attorney's Role**

The Petitioner argues that "if the GAL is substituted as the plaintiff in this case, C.I.G.H.'s attorney will be displaced by the GAL and will be prevented from proceeding in any meaningful way to ensure that his right to family unity and freedom from federal detention are not abrogated, pursuant to the federally appointed Child Advocate's recommendations." Docket No. 34, p. 3. This argument confuses the role of the GAL and the Petitioner's attorney within these proceedings.

The GAL has the power to act as a representative of C.I.G.H. and thusly direct and control litigation on C.I.G.H.'s behalf in order to best serve C.I.G.H.'s best interest. This does not mean that the GAL will act as C.I.G.H.'s attorney; just that the GAL will be able to speak on behalf of C.I.G.H. to direct counsel and litigation. Thus, Petitioner's counsel will not necessarily be prevented from "proceeding in a meaningful way" to protect C.I.G.H.'s rights; Petitioner's counsel will only be prevented from having full reign over the litigation. The role of the attorney is to serve their client, and in this case, the client is a minor. Thus, it is necessary to appoint a GAL to act as

a representative for the child; not only to prevent the suit from being dismissed, but also to prevent the attorney from acting as both client and counsel.

## III. CONCLUSION

For the reasons stated above, the Guardian *Ad Litem's* Motion for Substitution (Docket No. 26) is **GRANTED**.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**